María Nazario, Plaintiff and Appellant, *v.* Rafael
P. Muñiz, Defendant and Appellee.

No. 7626. Argued December 9, 1938.—Decided January 13, 1939.

*L. Santiago Carmona,* for the appellant. *Ramón S. Pesquera,* for
the appellee.

Mr. Justice Travieso delivered the opinion of the Court.

On July 1, 1931, the plaintiff executed a mortgage in
favor of the defendant to secure a loan for $500, plus interest
thereon at 1% monthly; and on October 14 of the same year
executed a second mortgage in favor of the same defendant
for $250 at the same rate of interest as the previous one.

It is alleged by the plaintiff in her complaint that the
defendant agreed to lend her the sum of $750; that out of

that sum he withheld $150 "to secure the interest," and delivered to the plaintiff the remainder, that is, $600 in cash; that the plaintiff bound herself to pay the $600 received by her in monthly payments of $30 each, and that in accordance with the agreement "she paid each and every one of the instalments agreed upon and paid up the whole obligation and interest thereon up to July 31, 1933;" but that at the request and owing to the insistence of the plaintiff she further paid him $30 in August, $35 in September and $25 in October, 1933; and that notwithstanding said payment of the whole mortgage credit, the defendant has refused to cancel the mortgage. The plaintiff prays that the defendant be adjudged to give her a release and to pay the costs, expenses and attorney's fees.

The defendant answered and denied the essential averments of the complaint and filed a cross complaint in which he prays that the plaintiff be adjudged to pay to him the principal and interest thereon of both mortgage credits for $500 and $250 respectively, plus the costs, expenses and attorney's fees. Upon the plaintiff failing to answer the cross complaint, her default was entered.

After a trial at which the oral and documentary evidence submitted by the parties was heard, the lower court concluded that the plaintiff had paid to the defendant $440 on account and that the mortgage credits had not been paid in full. Judgment was rendered accordingly dismissing the complaint and ordering the plaintiff to pay to the defendant $60 as the balance of the first credit for $500, plus interest thereon at the rate of 1 per cent monthly up to $75, and $250 of the second mortgage credit with interest thereon at 1 per cent monthly plus $125 for expenses, costs and attorney's fees.

In the present appeal brought by the plaintiff seven errors are assigned as having been committed by the lower court, which we will discuss in the same order in which they are assigned.

In the first two assignments it is charged that the trial court erred in not dismissing the cross-complaint which, as alleged by the appellant, failed to state facts sufficient to constitute a cross-complaint and was really an answer.

There was no error in sustaining the cross complaint. The plaintiff alleged that she had paid to the defendant the full amount of the two mortgage credits and prayed for the cancellation of the mortgages. The defendant in his answer denied the essential averments of the complaint and having received the amount of the loans and as a further plea he filed a cross-complaint. This was done pursuant to the provisions of sections 111 to 115 of the Code of Civil Procedure.

It is alleged in the third assignment that the district court lacked jurisdiction to render judgment upon the counter-claim for $250 as the amount of the second mortgage, and that such jurisdiction was conferred on the Municipal Court of Bayamón.

In our opinion no such error was committed either. The district court had jurisdiction to takes cognizance of the cross-complaint not only because the amount sued for exceeded $500 but also by reason of the subject matter, as it was an action for the cancellation of mortgage credits over which municipal courts have no jurisdiction. See *Marrero v. Registrar*, 32 P.R.R. 818. It had also jurisdiction to take cognizance of the cross-complaint not only because the prayer was for a judgment for more than $500, but also because, having acquired jurisdiction by reason of its subject matter, the district court likewise had jurisdiction to render a judgment for fixing and finally adjudicating the rights of the parties. It makes no difference that the prayer of the defendant was for more than $500 and that according to the evidence the amount due was actually less. It is the amount claimed that determines the jurisdiction of the court. *Succrs. of P. Millón & Co. v. Caamaño et al.*, 38 P.R.R. 174, and *Turner v. Municipal Council of San Juan*, 24 P.R.R. 556.

The fourth, fifth and sixth assignments refer to the weighing of the evidence by the trial court. We have carefully considered the transcript of the evidence and we find it sufficient to support the judgment, and it has not been shown at all that it was erroneously weighed or that the judge acted under the influence of passion, prejudice or bias.

The error alleged in the seventh and last assignment is that the lower court adjudged the plaintiff to pay $75 as interest, costs and attorney's fees by reason of the first mortgage, plus $125 for similar items by reason of the second mortgage.

From a consideration of the mortgage deeds which secured the credits sued on it appears that the amounts agreed upon by the parties for the payment of interest, costs, expenses and attorney's fees in case of judicial recovery are the same as those allowed by the trial court to the foreclosing creditor. As these are liquidated sums previously agreed upon by the parties, it was not error to allow them. See *Balet* v. *Dávila,* 44 P.R.R. 49, and *Arzuaga* v. *District Court,* 43 P.R.R. 958.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.